# In the United States Court of Federal Claims

No. 25-568
(Filed: April 8, 2025)

|  |  |
|---|---|
| **PETER J. POLINSKI TRUST**, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| **UNITED STATES**, | ) ) |
| *Defendant.* | ) ) ) |

## ORDER OF DISMISSAL

On March 31, 2025, plaintiff pro se Peter J. Polinski filed three complaints in this Court, successively docketed *Peter J. Polinski Trust v. United States*, 25-568 (Fed. Cl.), *Peter J. Polinski Trust v. United States*, 25-569 (Fed. Cl.), and *Peter J. Polinski Estate v. United States*, 25-570 (Fed. Cl.).  The first matter was randomly assigned to the undersigned in accordance with Rule 40.1(a) of the Rules of the United States Court of Federal Claims (RCFC).  On April 4 and 7, 2025, the other two cases—randomly assigned to other judges—were transferred to the undersigned pursuant to RCFC 40.1(b).  In these actions, Mr. Polinski asserts Fifth Amendment takings by the U.S. Department of the Treasury and the Office of the Comptroller of the Currency (OCC).  In support, Mr. Polinski alleges that three private financial institutions (i.e., Bank of America, TD Bank, Charles Schwab) refused to honor multiple tendered negotiable instruments purportedly valued at over $12.2 million.  Considering the overlap in factual and legal issues, the Court consolidates the three matters in accordance with RCFC 42(a)(2) and designates Case No. 25-568 as the lead case.

Accompanying Mr. Polinski's complaints are three applications to proceed *in forma pauperis* (IFP), seeking to waive the Court's $405 in filing fees for each case (i.e., $350 filing fee plus a $55 general administration fee).  Notwithstanding Mr. Polinski's representations that he recently possessed negotiable instruments purportedly worth millions, his affidavits in support of his IFP applications state otherwise.  Having reviewed each of Mr. Polinski's applications, the Court grants his requests to proceed without the prepayment of the required filing fees.

The Court, however, lacks subject matter jurisdiction over Mr. Polinski's claims and must dismiss the complaints in accordance with Rule 12: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte.") (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).  Mindful that Mr. Polinski is proceeding pro se, the Court construes his pleadings liberally. *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing cases).  Nevertheless, pro se plaintiffs must establish the Court's jurisdiction by preponderant evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  Mr. Polinski's complaints fail to meet this threshold requirement.  There is no reasonable ability to cure these fundamental defects.

Mr. Polinski alleges that the federal government—acting through the Treasury Department, the OCC, and the Federal Reserve System—is ultimately responsible for the alleged taking of his property.  However, his claims are directed at the actions of private bank and financial services employees (i.e., refusal to process his tendered negotiable instruments).  This Court's jurisdiction does not extend beyond the federal government. *Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) ("It is well established that [the Court of Federal Claims] lacks jurisdiction to hear claims against state, local officials, or private individuals or entities, who are not federal employees.") (collecting cases); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States* . . . .") (emphasis added).  Mr. Polinski's attempts to tie the actions of private financial institutions to the federal government fall short.  For instance, in all three complaints, Mr. Polinksi alleges that "an authorized U.S. Treasury Agent" seized his property. *See* Case No. 25-568 (ECF 1-3 at 1); Case No. 25-569 (ECF 1-3 at 4); Case No. 25-570 (ECF 1-3 at 2).  The so-called authorized government agents are, in fact, private bank and financial services employees who refused to negotiate (or reversed) his fraudulent checks and promissory notes. *See* Case No. 25-568 (ECF 1-3 at 6); Case No. 25-569 (ECF 1-3 at 3); Case No. 25-570 (ECF 1-3 at 2).  The federal government's general regulation of private banks and financial services companies does not convert their employees into agents of the federal government capable of committing a Fifth Amendment taking.

Mr. Polinski's claims fail for the additional and independent reasons that the tendered pieces of paper are not cognizable property and were not taken for public use. *See Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 854 (Fed. Cir. 2009) (discussing two-part test for compensable Fifth Amendment taking) (citing cases); *Fishermen's Finest, Inc. v. United States*, 59 F.4th 1269, 1275 (Fed. Cir. 2023) ("[W]here a 'claimant fails to demonstrate the existence of a legally cognizable property interest, the court[']s task is at an end.'") (quoting *Am. Pelagic Fishing Co. v. United States*, 379 F.3d 1363, 1372 (Fed. Cir. 2004)).  The property Mr. Polinski

alleges was taken by the federal government consists of fraudulent financial instruments having no value in the eyes of the law. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1376 (Fed. Cir. 2001) (government seizure and forfeiture of illicit property or proceeds cannot constitute a cognizable Fifth Amendment taking).

In his first complaint, Mr. Polinski states he mailed TD Bank two "Medallion Stamped Promissory Notes" reportedly worth a combined $600,000. Case No. 25-568 (ECF 1 at 2; ECF 1-3 at 5). Copies of these so-called "notes" are attached as exhibits to Mr. Polinski's complaint, *see* Case No. 25-568 (ECF 1-2 at 6–9), and are clearly the work of self-designated "sovereign citizens" who frivolously claim they are entitled to certain treasures and otherwise operate outside the laws of the United States. *See, e.g.*, *Rivera v. United States*, 105 Fed. Cl. 644, 646 (2012); *United States v. Ward*, 182 F.3d 930, No. 98-30191, 1999 WL 369812, at *2 (9th Cir. May 13, 1999). As noted above, such fraudulent pieces of paper are worthless and thus properly rejected by TD Bank. In his second complaint, Mr. Polinski details his attempted deposit of a "check"—which he calls a "Bill of Exchange" reportedly worth $11 million—with Bank of America. *See* Case No. 25-569 (ECF 1-3 at 2). After placing a clearance hold on the deposit to verify the legitimacy of the tender and adequate funding, the financial institution rejected the paper for being "altered/fictitious." *See* Case No. 25-569 (ECF 1-4 at 3–5). In his third complaint, Mr. Polinski describes his tendering a "United States Treasury Check valued at $621,689.27 to Charles Schwab." *See* Case No. 25-570 (ECF 1 at 2; ECF 1-4 at 2). This check was rejected as "fraudulent." *See* Case No. 25-570 (ECF 1-3 at 2). None of these fraudulent financial instruments represent property that can be the subject of a viable takings claim.[1] Further, there is no basis in law or in fact for Mr. Polinski to credibly claim that these worthless pieces of paper were taken "for public use" as is required under the Fifth Amendment. U.S. Const. AMEND. V, cl. 4 ("nor shall private property be taken *for public use . . .*") (emphasis added).

Finally, the Court summarily rejects Mr. Polinski's generic references to the Sherman Antitrust Act, 15 U.S.C. § 1 et seq., the Fair Credit Reporting Act, 15 U.S.C. § 1681, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. The Court clearly lacks jurisdiction over the first two statutes. *See Johnson v. United States*, 144 Fed. Cl. 578, 583 ("United States District Courts have exclusive jurisdiction of cases arising out of [the Sherman Act]."); *Ali v. United States*, No. 19-568, 2019 WL 3412313, at *5 n.8 (Fed. Cl. July 29, 2019) ("This court lacks jurisdiction over [the Fair Credit Reporting Act]"). Although this Court arguably has jurisdiction over credible claims involving the Equal Credit Opportunity Act, *see Shumaker v. United States*, No. 23-1286, 2023 WL 6296603, at *2 (Fed. Cl. Sept. 27, 2023), that authority does not extend to facially frivolous claims involving the claimant's attempt to make

---

[1] It is not lost on the Court that in July 2024, Mr. Polinski attempted to pay the filing fee in connection with *Polinski v. United States*, No. 24-974 (Fed. Cl.), with a fraudulent "certified funds" document purportedly drawn on the United States Treasury.

fraudulent financial transactions. *See Polinski v. United States*, No. 24-1810, 2025 WL 432987, at *1 (Fed. Cl. Feb. 7, 2025) ("Because Mr. Polinski has sought leave to proceed *in forma pauperis*, the court screens the complaint to ensure that it states a claim.") (citing 28 U.S.C. § 1915(e)(2)[2]), *reconsideration denied*, 2025 WL 635638 (Fed. Cl. Feb. 26, 2025), *appeal docketed*, No. 25-1578 (Fed. Cir. Mar. 24, 2025).

For the foregoing reasons,

(1) Plaintiff's applications to proceed *in forma pauperis* filed in Case No. 25-568 (ECF 5), Case No. 25-569 (ECF 2), and Case No. 25-570 (ECF 2) are **GRANTED**;

(2) Case No. 25-569 and Case No. 25-570 are **CONSOLIDATED** under *Peter J. Polinski Trust v. United States*, No. 25-568 (Fed. Cl.);

(3) The Clerk of Court is directed to **CONSOLIDATE** Case No. 25-568, Case No. 25-569, and Case No. 25-570, and **DESIGNATE** Case No. 25-568 as the lead case;

(4) Plaintiff's complaints are **DISMISSED**; and

(5) The Clerk of Court is directed to **DISMISS** plaintiff's complaints in this consolidated action.

It is so **ORDERED**.

s/ Armando O. Bonilla
Armando O. Bonilla
Judge

---

[2] Relevant here, § 1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ."